**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOULSTON & STORRS PC, | Case No.: 23-cv-10290 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| PHILIP PROUJANSKY, | |
| Defendant. | |

Plaintiff, Goulston & Storrs PC ("Goulston"), by and through its undersigned attorneys, as and for its Complaint against Defendant Philip Proujansky ("Proujansky"), alleges as follows:

**NATURE OF ACTION**

1.     This is an action by Goulston, a law firm, to recover from Proujansky $783,558.59 in unpaid legal fees, disbursements, agreed upon interest, plus statutory interest, costs, and expenses.

2.     Beginning in mid-July 2019, and continuing through the summer of 2023, Goulston delivered legal services to Proujansky in connection with various matters relating to his student housing property portfolio.

3.     Proujanksy did not object to or raise any issue with respect to the invoices at issue or the services that Goulston performed.

4.     Despite repeated demands, and repeated acknowledgments by Proujansky that he owes Goulston for unpaid legal services, Proujansky has failed to pay for the balance of Goulston's services as described herein.  As a consequence, Goulston is forced to bring this lawsuit to recover the amounts owed to it.

## THE PARTIES

5.      Goulston is a professional corporation organized under the laws of the Commonwealth of Massachusetts and whose principal place of business is 400 Atlantic Avenue, Boston, Massachusetts 02110-3333.  Goulston also maintains an office at 730 Third Avenue, 12th Floor, New York, New York.

6.      Upon information and belief, Proujansky is an individual residing in New York and has an address of 333 Coddington Road, Ithaca, New York 14850.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

8.      Proujansky is subject to personal jurisdiction in this Court pursuant to New York CPLR § 301 because he resides in New York.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, most of the services that Goulston performed for Proujansky were performed by attorneys in Goulston's New York office located in Manhattan.

## FACTUAL BACKGROUND

**The Engagement Letter**

10.      On or about July 2, 2019, Proujansky engaged Goulston to deliver certain legal services to him and for his benefit.

11.      To memorialize the terms of the engagement, Goulston and Proujansky executed an engagement letter dated July 2, 2019 (the "Engagement Letter").  Proujansky signed the Engagement Letter on July 5, 2019.

12.     The Engagement Letter specifies that Proujansky engaged Goulston to represent him in connection "tax and structuring advice in connection with the proposed recapitalization and new joint venture involving the Ithaca student housing facilities."  The Engagement Letter further states that "[s]hould you [Proujansky] request in the future that we handle additional matters, the terms of this engagement will apply to that representation unless we agree otherwise."

13.     The Engagement Letter states that Goulston's fees would be based upon the time Goulston attorneys and paralegals spent on the Proujansky's behalf, multiplied by Goulston's customary hourly time charges in effect at the time the services were rendered.  The Engagement Letter also sets forth the hourly rates then in effect for Goulston's lawyers and paralegals.

14.     The Engagement Letter states that Proujansky would be billed for the disbursements and internal charges Goulston incurred on his behalf.

15.     The Engagement Letter states that Goulston would bill Proujansky on a regular basis, normally each month, and that payments on Goulston's invoices were due upon receipt.

**Goulston's Services to Proujansky**

16.     Goulston worked on five separate matters for Proujansky.  Most of the work for Proujansky was performed by Goulston attorneys based in its New York office.

17.     First, immediately following the execution of the Engagement Letter, Goulston began work on a recapitalization of several student housing properties (the "Collegetown Portfolio") located near Cornell University in Ithaca, New York ("Project ESRA") which involved the sale of a significant stake in the Collegetown Portfolio by entities affiliated with Proujansky to an institutional investor and entering into a joint venture with the purchaser for the ongoing

ownership and operation of the properties. The Project ESRA transaction successfully closed in May 2020.

18.    Second, the following year, Goulston worked on a transaction involving the sale of an interest in a second group of student housing properties ("Catherine Commons") to the same institutional investor ("Project Dangerfield"), which was successfully completed in September 2021.

19.    Third, Goulston worked on a transaction involving a new investment by a different institutional investor who purchased a significant amount of preferred equity in the Collegetown Portfolio from Proujansky and/or his affiliates ("ESRA Recap"). The ESRA Recap was successfully completed in January 2022.

20.    Fourth, Goulston worked on a transaction involving a part sale/part contribution of certain parcels of land that are being developed into new student housing facilities to the Catherine Commons joint venture ("Dangerfield Phase 2"). The Dangerfield Phase 2 project also involved a preferred equity investment in the Catherine Commons portfolio by the same institutional investor who made the earlier ESRA preferred equity investment. In addition, Dangerfield Phase 2 project involved the joint venture obtaining a construction loan from Pacific Western Bank which was handled by Goulston. All three of the foregoing components of the Dangerfield Phase 2 project were successfully closed in September 2022.

21.    Fifth, in January 2023, Goulston assisted Proujansky in negotiating an additional investment from the original institutional investor in Catherine Commons to fund additional capital required for that new development.

22.    Throughout the engagement, Proujansky expressed his gratitude and appreciation to the Goulston deal team for their work on his behalf after each matter closed.

4

23. At no time did Proujansky object to an invoice for the services performed and, in fact, Proujansky paid a number of Goulston's invoices.

**Proujansky's Failure to Pay Certain Goulston Invoices**

24. For a period of time, Proujansky paid Goulston's invoices. However, starting in 2022, twelve (12) Goulston invoices were issued to Proujansky which were not paid. Those invoices (the "Outstanding Invoices") are as follows:

- Invoice 648385 dated February 24, 2022 for $8,632.00;

- Invoice 667527 dated October 7, 2022 for $847,327.80;

- Invoice 671756 dated November 30, 2022 for $9,480.05;

- Invoice 674550 dated December 29, 2022 for $7,852.00;

- Invoice 674556 dated December 29, 2022 for $6,776.00;

- Invoice 677165 dated January 30, 2023 for $9,670.00;

- Invoice 677984 dated February 3, 2023 for $48,730.00;

- Invoice 685478 dated April 21, 2023 for $10,144.20;

- Invoice 685485 dated April 21, 2023 for $2,909.00;

- Invoice 685479 dated April 21, 2023 for $2,588.00;

- Invoice 690710 dated June 23, 2023 for $6,162.00; and

- Invoice 690709 dated June 23, 2023 for $510.00.

25. In discussions between Proujansky and Goulston Partner Abraham Leitner ("Leitner") concerning Proujansky's outstanding balance, Leitner proposed to Proujansky that Goulston would charge interest at 8% per annum on the balances owed by him to Goulston for services provided prior to April 1, 2023, and Proujansky agreed. As of November 22, 2023, the

amount of accrued interest on those invoices totals $82,332.34, with additional interest of $205.69 accruing on a per diem basis.

**Goulston Seeks Payment**

26.     On July 28, 2023, despite repeated promises by Proujansky to pay Goulston in full on the Outstanding Invoices, plus agreed upon interest as noted above, Goulston sent Proujansky a letter demanding full payment on the Outstanding Invoices, plus agreed upon accrued interest, by August 4, 2023.  Despite repeated assurances that he would pay the Outstanding Invoices, plus agreed upon accrued interest, in full, Proujansky still has not paid Goulston all amounts that he owes to it.

27.     On November 9, 2023, Proujansky made a partial payment of $250,000 to Goulston, which Goulston applied to the oldest invoice first in accordance with its ordinary business practices.  On that same date, Goulston applied $9,554.80, the balance Proujansky's initial retainer, in the same manner.  As a result of these payments, the principal balance of the 648385 invoice has been fully paid and the 667527 invoice has been partially paid, with a remaining principal balance of $596,405.00.

28.     As of the date of this Complaint, Proujansky owes Goulston $783,558.59, which is the total of the remaining balance on the Outstanding Invoices plus agreed upon accrued interest. No portion of this amount has been paid by Proujansky.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

29.     Goulston repeats and realleges the foregoing allegations as if fully set forth herein.

30.     Goulston and Proujansky have an agreement, the terms of which are reflected in the Engagement Letter, concerning the terms of their attorney-client relationship, and that agreement constitutes a binding and enforceable contract, supported by adequate consideration.

31.     Pursuant to the Engagement Letter, Proujansky agreed to pay Goulston attorney's fees based upon the hourly rates of attorneys and paralegals who performed services for Proujansky.

32.     Pursuant to the Engagement Letter, Proujansky agreed to pay Goulston all fees and expenses Goulston incurred in representing Proujansky.

33.     Proujansky further agreed to pay interest on the balances owed by him to Goulston on the outstanding invoices for services performed prior to April 1, 2023.

34.     Goulston performed all services required under its agreements with Proujansky.

35.     In breach of the Engagement Letter, Proujansky has failed to pay Goulston $783,558.59 which represents duly earned and invoiced attorneys' fees, as well as agreed upon interest, and expenses Goulston incurred on Proujansky's behalf.

36.     By reason of Proujansky's breach of its obligations to pay Goulston under the Engagement Letter, Goulston has been damaged in the sum of $783,558.59, plus interest, costs and disbursements, for which Proujansky is liable.

37.     Judgment should be entered in favor of Goulston and against Proujansky in the amount of $783,558.59, together with interest, costs and disbursements.

## SECOND CAUSE OF ACTION
### (Account Stated)

38.     Goulston repeats and realleges the foregoing allegations as if fully set forth herein.

39.     Goulston periodically submitted to Proujansky invoices for legal services rendered and expenses incurred with respect to the work it performed for him, all of which were received by Proujansky without rejection or objection to the correctness of the account statement.

40.    On April 4, 2023, Leitner emailed Proujansky a spreadsheet of outstanding invoices which had accrued, and would continue to accrue, interest at 8% per annum.  This email was received by Proujansky without rejection or objection to the correctness of the account statement.

41.    Proujansky accepted Goulston's account stated and is required to pay Goulston the sum of $783,558.59.

42.    Despite repeated requests for payment, there remains due and owing to Goulston from Proujansky the sum of $783,558.59, plus interest, costs and disbursements, for which Proujansky is liable.

43.    Judgment should be entered in favor of Goulston and against Proujansky in the amount of $783,558.59, together with interest, costs and disbursements.

### THIRD CAUSE OF ACTION
#### (Quantum Meruit)

44.    Goulston repeats and realleges the foregoing allegations as if fully set forth herein.

45.    The fair and reasonable value of the legal services Goulston rendered to or on behalf of Proujansky that remains unpaid, together with agreed upon interest, is $783,558.59.

46.    Despite repeated requests for payment, there remains due and owing to Goulston from Proujansky the sum of $783,558.59.

47.    By reason of the foregoing, Goulston has been damaged in the sum of $783,558.59, plus interest, costs and disbursements, for which Proujansky is liable.

48.    Judgment should be entered in favor of Goulston and against Proujansky in the amount of $783,558.59, together with interest, costs and disbursements.

### FOURTH CAUSE OF ACTION
#### (Unjust Enrichment)

49.    Goulston repeats and realleges the foregoing allegations as if fully set forth herein.

50.    Goulston provided legal services and incurred expenses for or on behalf of Proujansky and at the request of the Proujansky.

51.    Proujansky benefited from Goulston's provision of legal services, as alleged above, but has not compensated Goulston for these services.

52.    Equity and good conscience demand that Proujansky compensate Goulston for the legal services it provided and expenses it incurred for Proujansky's benefit.

53.    By reason of the foregoing, Goulston has been damaged in the sum of $783,558.59, plus interest, costs and disbursements, for which Proujansky is liable.

54.    Judgment should be entered in favor of Goulston and against in the amount of $783,558.59, together with interest, costs and disbursements.

## PRAYER FOR RELIEF

**WHEREFORE**, Goulston demands judgment in its favor and against Proujansky on each of Goulston's causes of action awarding:

(i)    the amount of $783,558.59 plus interest from the date of each unpaid invoice at the agreed upon rate of 8%;

(ii)   the costs and disbursements of this action; and

(iv)   such other or further relief as the Court may deem just and proper in the circumstances.

Dated: November 22, 2023                    GOULSTON & STORRS PC

By:_____
                            Adam J. Safer
                            Justin D. Heller
                            730 Third Avenue, 12th Floor
                            New York, New York 10017
                            (212) 878-6900
                            *Attorneys for Plaintiff*