IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOULSTON & STORRS PC,<br><br>      Plaintiff,<br><br>     v.<br><br>PHILIP PROUJANSKY,<br><br>      Defendant. | Case No.: 1:23-cv-10290-ER<br><br>**<u>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>** |

EDGARDO RAMOS, United States District Judge:

  WHEREAS all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

  WHEREAS, the Parties, through counsel, agree to the following terms;

  WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

  WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

  WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

  IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

  1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.,* information of any kind produced or disclosed pursuant to and in course of discovery in this action, including disclosures pursuant

to Fed. R. Civ. P. 26(a)(1)) that is designated as "Confidential" or "Attorney's Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" or, subject to Section 3, "Attorneys' Eyes Only," only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and that consists of:

    a. attorney-client communications;

    b. financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    c. previously undisclosed material relating to ownership or control of any non-public company;

    d. business plans, product development information (including without limitation non-public technical and design information), or marketing plans;

    e. any information which is competitively or commercially sensitive;

    f. any information of a personal or intimate nature regarding any individual; or

    g. any other category of information hereinafter given confidential status by the Court.

3. The Parties acknowledge that there may be Discovery Material for which a higher level of protection is required and that such Discovery Material may be designated as "Attorneys' Eyes Only." This designation must be made in good faith and should be used only for Discovery Material that has been originated or developed by the Party, not previously produced, and that constitutes extremely sensitive technical, financial, or competitive information (*e.g.,* future product expansion plans), which is not generally known by third parties and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence either by agreements, policies, or procedures.

4. With respect to the "Confidential" or "Attorney's Eyes Only" portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorney's Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorney's Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility. Except as otherwise stipulated or ordered, Discovery Material must be designated as "Confidential" or "Attorney's Eyes Only" by clearly designating the material before it is disclosed or produced.

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as "Confidential" or "Attorney's Eyes Only" either by (a) indicating

on the record during the deposition that a question calls for "Confidential" or "Attorney's Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Attorney's Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Attorney's Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated "Confidential" or "Attorney's Eyes Only."

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that they had previously produced without limitation should be designated as "Confidential" or "Attorney's Eyes Only," they may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as "Confidential" or "Attorney's Eyes Only" under the terms of this Protective Order, provided said Discovery Material contains information which may be categorized as "Confidential" or "Attorney's Eyes Only" as defined in paragraphs 2 and 3 above.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

   a. necessary employees of the Parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

   d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

   e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   g. any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person

has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h.   stenographers engaged to transcribe depositions conducted in this action; and

i.   this Court, including any appellate court, and the court reporters and support personnel for the same.

8.   Documents, materials or other information designated "Attorney's Eyes Only" shall be held in confidence and shall not be discussed, revealed, or disclosed in any manner or form with or to any person or entity other than the persons identified in subparagraphs 7(b)-(e) and 7(g)-(i).

9.   Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f) or 7(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.   Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(A)(i) of this Court's Individual Practices.

11.   Recipients of "Confidential" and "Attorneys' Eyes Only" Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically may not use such Discovery Material for any business, commercial, or competitive purpose.  Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12.   Nothing in this Protective Order will prevent any person subject to it from producing any Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13.   All persons seeking to file redacted documents or documents under seal with the Court shall follow Paragraph 3 of this Court's Individual Practices. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers.

All persons producing "Confidential" and "Attorneys' Eyes Only" Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any "Confidential" and "Attorneys' Eyes Only" Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that "Confidential" and "Attorneys' Eyes Only" Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as "Confidential" and "Attorneys' Eyes Only." The Parties agree to confer in good faith on a protective order to govern during trial in this action. This Stipulation and Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the "Confidential" and "Attorneys' Eyes Only" Discovery Material itself, and not text that in no material way reveals the "Confidential" and "Attorneys' Eyes Only" Discovery Material.

16. Each person who has access to Discovery Material that has been designated as "Confidential" or "Attorney's Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("PII") (*e.g.,* social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

18. This Protective Order shall survive the termination of the litigation. Within 45 days of the final disposition of this action, all Discovery Material designated as "Confidential" and "Attorney's Eyes Only" and all copies thereof shall be promptly returned to the producing person or destroyed.

19. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

| | |
|---|---|
| GOULSTON & STORRS PC | WOODS OVIATT GILMAN LLP |
| By: _/s/Adam J. Safer_____ | By:  _/s/William E. Brueckner_____ |
| Adam J. Safer | William E. Brueckner |
| Justin D. Heller | W. Stephen Tierney |
| 730 Third Avenue, 12th Floor | 1900 Bausch & Lomb Place |
| New York, New York 10017 | Rochester, New York 14604 |
| (212) 878-6900 | (595) 987-2800 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

Dated: February 5, 2024
New York, NY

SO ORDERED:

_____
Edgardo Ramos, U.S.D.J.
Dated: February 8, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOULSTON & STORRS PC, | Case No.: 1:23-cv-10290-ER |
| Plaintiff, | **NON-DISCLOSURE AGREEMENT** |
| v. | |
| PHILIP PROUJANSKY, | |
| Defendant. | |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it or destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

  Dated: _____