UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOULSTON & STORRS PC,

                Plaintiff,

        -*against*-

PHILIP PROUJANSKY,

                Defendant.

**ORDER**

23-cv-10290 (ER)

RAMOS, D.J.

      Plaintiff Goulston & Storrs PC ("Plaintiff") filed a letter motion on October 21, 2025, requesting that the Court order Philip Proujansky to "produce unredacted versions of the documents from the Production, *all* additional responsive documents concerning each of the five entities in the 7/31/2025 Letter, including their affiliates, organization charts, and records from Carta that are in his possession, custody, or control, by no later than ten (10) business days after the Court's order." Doc. 63 at 2 (emphasis in original). Plaintiff, citing to *Christine Asia Co. v. Alibaba Group Holding Ltd.*, argues that Proujansky unilaterally applied significant redactions to each document based on purported irrelevance, which Plaintiff believes is inappropriate. 327 F.R.D. 52, 54 (S.D.N.Y. 2018).

      Proujansky filed a letter response on October 24, 2025, arguing that redactions related solely to the entities' corporate governance and management structure." Doc. 65 at 2. He adds that information relating to the financial rights of the entities' owners, or to his individual ownership in those entities was not redacted. *Id.*

The Court held a pre-motion conference on November 18, 2025, where it informed the parties that it would issue an order on the redactions based on the arguments set forth in the parties' letters.

Under New York law, judgment creditors may obtain discovery "of all matter relevant to the satisfaction of the judgment." N.Y. CPLR § 5223. Proujansky has established that the redactions "left available to Plaintiff all of the information regarding [Proujansky's] financial rights in the entities, and provided all the documents' information within the proper scope of Rule 69(a)(2) and CPLR [§] 5223." Doc. 65 at 2. However, the weight of authority in this Circuit goes against allowing a party to redact information from responsive and relevant documents "based on that party's unilateral determinations of relevancy." *Cyris Jewels v. Casner*, No. 12-cv-01895 (KAM) (SLT), 2016 WL 2962203, at *4 (E.D.N.Y. May 20, 2016) (citing cases rejecting defendants' requests for redaction of irrelevant text within relevant documents); *see also Durling v. Papa John's International, Inc.*, No. 16-cv-03592 (CS) (JCM), 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("Redactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where ... a confidentiality stipulation and order ... is in place."). As Plaintiff argues, such unilateral redactions are inappropriate. *Christine Asia Co.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018).

Accordingly, Proujansky is hereby directed to produce the unredacted version of the requested documents within 10 days of the parties' execution of the non-disclosure agreement.

SO ORDERED.

Dated:  November 18, 2025
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.